■ The People of the State of New York, Respondent, v Leroy Carter, III, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Ingraham, J.), rendered November 12, 1982, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that his right to a speedy trial was denied because the criminal action against him was commenced on February 1, 1981, and the People did not announce that they were ready for trial until October 13, 1981. However, the evidence introduced at the hearing on his speedy trial motion indicated that all adjournments up to September 28, 1981, except for an adjournment from April 8 to May 6, were either at defendant's request or with his consent. All periods prior to September 28, except for the period between April 8 and May 6, are therefore excluded from the time

computation of CPL 30.30 (1) *(see, People v Cook,* 71 AD2d 801). With the exclusion of these periods, the People have complied with the statute.

The calendar notations and the testimony of an Assistant District Attorney were sufficient to satisfy the People's burden of proof concerning the reason for the adjournments in the absence of the minutes of such adjournments *(see, People v Russo,* 99 AD2d 498).

Since defendant did not make any objection to the court's charge on intoxication, his claim of error with respect thereto has not been preserved for appellate review *(see, People v Robinson,* 36 NY2d 224). In any event, the evidence of intoxication was so minimal that no reasonable person would have entertained a doubt as to the element of intent on that basis. Thus the court would have been justified in refusing to charge on the issue of intoxication *(see, People v Perry,* 61 NY2d 849).

We have examined defendant's remaining contentions and have found them to be without merit. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.