OPINION OF THE COURT
Rose L. Rubin, J.
Defendants, charged with the crime of robbery in the second degree, moved, pretrial, to dismiss the indictment pursuant to CPL 30.30, on the ground that the People were not ready for trial within the statutory six-month period from commencement of this action, thus depriving the defendants of their right to a speedy trial.
Defendants’ joint motion was filed on January 4, 1990. On that date the case was also ready for trial. This court retained *421 jurisdiction over the motion to dismiss, which was submitted on January 22, 1990. Decision was reserved. For the purposes of trial the case was assigned to another Trial Term of this court. During the course of the trial, prior to resolution of the speedy trial motion, each defendant interposed a plea of guilty. At the time of the plea, defendants’ joint motion to dismiss was not called to the attention of the Trial Judge. It was not addressed as part of the plea negotiations.
The People contend that the statutory speedy trial issue has been mooted by the pleas of guilty. In support of their contention, they cite People v O’Brien (56 NY2d 1009 [1982]), which holds, at page 1010, that "[w]hen defendant entered a plea of guilty he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30 (People v Suarez, 55 NY2d 940). Nor may defendant preserve his statutory speedy trial claim for appellate review by obtaining the consent of the prosecutor and the approval of the court at the time the plea is entered (People v Di Raffaele, 55 NY2d 234).”
It is noteworthy that in O’Brien (supra) and in Suarez (supra) each defendant’s statutory speedy trial motion had already been decided against him. In Di Raffaele (supra), the issues did not relate to speedy trial, but were likewise decided prior to defendants’ plea of guilty. Similarly, in other cases cited by the People, defendant’s motion to dismiss had been decided by the court prior to defendant’s plea of guilty, as in People v Friscia (51 NY2d 845 [1980]) and People v Mason (125 AD2d 337 [2d Dept 1986]). To the same effect is People v King (152 AD2d 815 [3d Dept 1989]). In the remaining cases cited by the People, the reported statements of facts make it unclear as to the posture of defendant’s motion to dismiss under CPL 30.30 vis-á-vis the sentence.
Pivotal to the court’s analysis is the fact that the court encouraged the parties to proceed to trial during the pendency of their motion to dismiss. Had the defendants expressly waived their motion as a condition of the plea bargain, such a waiver would be enforceable (People v Seaberg, 74 NY2d 1 [1989]). The court is concerned about the finality of the resolution of matters before it, but will not ignore the integrity of the criminal justice system in its quest to conclude litigation. Accordingly, the court turns to a consideration of the substantive aspects of defendants’ joint motion.
Criminal proceedings started with the filing of an indictment on March 24, 1989 (People v Osgood, 52 NY2d 37 [1980]). *422 Although more than six months have elapsed, CPL 30.30 (4) sets forth periods of time which must be excluded in determining whether the People are ready for trial within the statutory period. Among them are delays caused by a defendant’s pretrial motions, adjournments at the request of, or consented to, by a defendant, and court-ordered adjournments. (People v Smith, 97 AD2d 485 [2d Dept 1983]). This statutory scheme mandates that each adjournment and the reason therefore be reviewed in determining whether the People have met their obligation to be ready timely for trial. With respect to the excludability of any period of time, it is the People who bear the burden of proof (People v Berkowitz, 50 NY2d 333 [1980]).
Defendants allege that of the 286 days which elapsed between the filing of the indictment and the filing of their motion on January 4, 1990, 208 days of pretrial delay are chargeable to the People. The People filed an answering affirmation and transcripts in opposition. The minutes of adjournments filed by the People were addressed only to periods of time specifically challenged by defendants. In deciding the includability or excludability of further periods of time, the court relies upon its own file notations. While those notations are unofficial records, they may serve, in the absence of minutes of adjournments, to resolve any disputed periods of time (cf., People v Carter, 115 AD2d 551 [2d Dept 1985]).
Based upon its analysis, the court finds that of the 286 days which elapsed between the filing of the original accusatory instrument and this motion, a total of 161 days are to be excluded. Assuming, arguendo, that the People were not in fact ready for trial until January 4, 1990, when trial actually commenced, a total of 125 days of prereadiness delay is chargeable to the People. This is a period of time well within the statutory limits set by CPL 30.30. Accordingly, defendants’ motion to dismiss the indictment is denied.
[Portions of opinion omitted for purposes of publication.]