OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted to the Appellate Division for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]).
In April 1987, as a result of an undercover operation, defendant was indicted, along with codefendant Richard Pantano, for various drug related offenses, including two counts of criminal sale of a controlled substance in the second degree (Penal Law § 220.41) — a class A-II felony. Sometime prior to *1053 defendant’s trial, the People entered into a plea bargain with Pantano whereby it was agreed that he would testify against defendant in exchange for being permitted to plead guilty to attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 220.39, 110.00) — a class C felony. In accordance with that agreement, Pantano thereafter waived prosecution by indictment and pleaded guilty to the reduced charge. It is undisputed that this plea arrangement was unauthorized under the Criminal Procedure Law (see, CPL 195.10 [2] [b];[1] 220.10 [5] [a] [ii]).[2]
At his trial, defendant asked that the jury be advised that Pantano’s plea bargain was "contrary to law” and that it could consider that illegality on the issue of his credibility.[3] The trial court denied this request, and defendant was subsequently convicted of, inter alla, two counts of criminal sale of a controlled substance in the second degree. On appeal, however, the Appellate Division reversed and ordered a new trial, holding that the Trial Judge’s refusal to inform the jury that Pantano’s plea agreement "offered an inducement beyond that permitted by law” deprived the jury of "information essential to its assessment of his credibility” (158 AD2d 126, 130). The People contend that the Appellate Division erred in that conclusion. We agree.
Although there can be no question that a criminal defendant is entitled to have the jury informed that a prosecution witness has been offered a "favorable deal” in exchange for his testimony (see, People v Jackson, 74 NY2d 787, 790; People v Savvides, 1 NY2d 554, 557; 1 CJI[NY] 7.24; see generally, CPL 300.10 [1], [2]), the Trial Judge here specifically advised the jury that Pantano had received just such a deal and cautioned it to consider carefully whether this may have induced him to testify falsely against defendant. It was only the "unauthorized” character of Pantano’s plea arrangement which the Trial Judge refused to disclose to the jury. This refusal did not constitute reversible error under the circumstances of this case. *1054 Unlike the substance of a witness’ plea bargain, the "legality” of such an agreement, in and of itself has little, if any, bearing on whether the witness may be expected to testify truthfully at trial. While such a fact may take on relevance if it is also established that the witness was aware that he was receiving a better deal than that permitted by law, defense counsel failed to make such a showing here, despite the fact that he was specifically asked by the Trial Judge how Pantano could have known about this purely "legal matter.” Accordingly, defendant having failed to establish that Pantano’s credibility may have been affected by the unauthorized nature of his plea agreement, the trial court properly refused to give the requested instruction.
We have examined defendant’s remaining contentions in support of an affirmance of the order of the Appellate Division (see, CPL 470.35 [2]), and find them to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein.

. CPL 195.10 (2) (b) permits a waiver of prosecution by indictment before, but not after, an indictment has been filed by the Grand Jury (see, People v Casdia, 78 NY2d 1024; People v Boston, 75 NY2d 585; People v Banville, 134 AD2d 116).

. CPL 220.10 (5) (a) (ii) provides that where an indictment charges a class A-II felony defined in article 220 of the Penal Law, a plea of guilty must include at least a plea of guilty to a class B felony.

. Defendant did not suggest that the illegal nature of Pantano’s plea arrangement was relevant to any other issue in the case.