■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RUA, Appellant. [603 NYS2d 552] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Clabby, J.), rendered January 10, 1989, convicting him of attempted sodomy in the second degree and endangering the welfare of a child, under Indictment No. 1683/88, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 10, 1989, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree, under Indictment No. 4318/83.

Ordered that the judgment and the amended judgment are affirmed.

Viewing the evidence adduced at the trial of Indictment No. 1683/88 in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted sodomy in the second degree and endangering the welfare of a child beyond a reasonable doubt. On the morning of November 9, 1987, while the 11-year-old complainant's mother was preparing lunch for the defendant in her kitchen, the defendant entered the child's bedroom, got into bed with him, and told him to remove his pajama pants. The defendant then placed his penis on the child's back. When the mother went to check on them because it was so quiet in the bedroom, she saw the defendant lying in the bed behind her son, with his penis in the child's buttocks. A medical doctor, who is a forensic specialist in child

sexual abuse matters, later examined the child and concluded that he had been subjected to anal sexual abuse.

The defendant relies on certain inconsistencies in the complainants' testimony, as well as on the conflicting testimony of two doctors who were not specially trained in child sexual abuse matters, who found no signs that the child had been molested. All of this evidence was properly considered by the jury, and any issues of credibility were resolved in the People's favor *(see, People v Gaimari,* 176 NY 84, 94; *People v Vickers,* 177 AD2d 608). The jury's determination should be accorded great weight on appeal and should be left undisturbed when, as here, it is clearly supported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant also claims that he was deprived of a fair trial because the court denied his request for the assignment of new counsel. The defendant's argument is meritless. Although an indigent defendant has a right to a court-appointed attorney, he does not have the right to his choice of assigned counsel *(see, People v Sawyer,* 57 NY2d 12, 15, *cert denied* 459 US 1178; *People v Willis,* 147 AD2d 727, 728). The decision to appoint new counsel is within the trial court's discretion *(see, People v Brabson,* 9 NY2d 173, 180-181, *cert denied* 369 US 879). However, if a defendant can show "good cause" for a substitution, the court will consider reassignment of counsel *(see, People v White,* 73 NY2d 468, 478, *cert denied* 493 US 859; *People v Sawyer, supra,* at 18-19; *People v Medina,* 44 NY2d 199, 207). In deciding whether good cause exists, the court must conduct a careful inquiry to determine whether present counsel is likely to afford a defendant effective assistance *(see, People v Medina, supra,* at 205-208).

In this case, the court conducted the required inquiry and found insufficient cause for replacing the defendant's court-appointed attorney. Although there was a communication problem between defense counsel and the defendant, the record shows that the fault for that difficulty lay with the defendant, who demonstrated a biased and unhelpful attitude toward counsel from the beginning *(see, People v Outlaw,* 184 AD2d 665). In essence, he never gave counsel a chance. Despite the defendant's lack of cooperation, however, counsel was willing and able to conduct a meaningful defense *(see, People v Baldi,* 54 NY2d 137, 147). He was fully familiar with the facts of the case, conducted extensive and insightful cross-examination of the People's witnesses, made timely and appropriate motions, and delivered effective opening and closing

statements. Thus, the court quite properly rejected the defendant's request.

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We find no merit to the defendant's remaining contentions. Thompson, J. P., Balletta, Miller and Joy, JJ., concur.