■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JACKSON, Appellant. [633 NYS2d 61] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered September 10, 1993, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the Supreme Court erred in not dismissing the indictment based upon the fact that the trial testimony of the People's principal witness differed from the testimony which he gave before the Grand Jury. However, while it is proper, after a plea of guilty, to review the validity of an indictment based solely upon false testimony, where, as here, the judgment of conviction follows a trial, "the suffi-

ciency of the evidence to convict * * * is manifest from the record" *(People v Pelchat,* 62 NY2d 97, 109). Accordingly, the defendant is precluded from raising this issue on appeal *(see,* CPL 210.30; *People v Bey,* 179 AD2d 905, 907; *People v Lewis,* 125 AD2d 918, 919). In any event, we note that had the witness testified before the Grand Jury as he did at trial, his testimony would have been sufficient to sustain the indictment. Moreover, the defense counsel took full advantage of the differences in testimony during his cross-examination of the witness.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

With respect to the defendant's contention that the court should have charged criminal possession of a controlled substance in the seventh degree as a lesser-included offense, we note that inasmuch as the defendant possessed more than five times the amount of cocaine necessary for the offense of criminal possession of a controlled substance in the fifth degree, there was no reasonable view of the evidence to support a finding that he committed the lesser offense of criminal possession of a controlled substance in the seventh degree. Accordingly, the court properly declined to charge criminal possession of a controlled substance in the seventh degree as a lesser-included offense *(see, People v Glover,* 57 NY2d 61).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, without merit. Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.