■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD WALSH, Appellant. [678 NYS2d 524] —Appeal by the defendant from (1) a judgment of the County Court, Westchester County (LaCava, J.), rendered July 29, 1996, convicting him, under Indictment No. 96-09373, of four violations of an order of protection issued under Indictment No. 95-01860, after a

hearing, and imposing sentence, and (2) a judgment of the same court, rendered August 23, 1996, convicting him of assault in the third degree and menacing in the second degree under Indictment No. 95-01860, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

Viewing the evidence adduced under Indictment No. 95-01860 in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Moreover, a decision to appoint new counsel is entirely within the trial court's discretion, and a defendant must show "good cause" before a court will consider reassignment of counsel (*see, People v Medina,* 44 NY2d 199, 207-208; *People v Rua,* 198 AD2d 311, 312). In deciding whether good cause exists, the court must conduct a careful inquiry to determine whether the defendant unduly delayed in seeking new assignment and whether present counsel is likely to afford the defendant effective assistance. The court also must consider conflicts of interest and other irreconcilable differences (*see, People v Sides,* 75 NY2d 822, 824; *People v Medina, supra; People v Rua, supra*). A defendant is not entitled to new counsel unless his request has a genuine basis. A mere general expression of dissatisfaction is insufficient (*see, People v Bailey,* 224 AD2d 435; *People v Maldonado,* 178 AD2d 554, 555). Applying these principles, the court properly exercised its discretion in denying the defendant's request for new counsel.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., Sullivan, Florio and McGinity, JJ., concur.