■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL W. DEXTER, Appellant. [688 NYS2d 289] —Judgment affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree and other crimes arising from an armed robbery on October 26, 1995. Defendant was indicted twice for those crimes. County Court (Burke, J.) dismissed the first indictment on December 16, 1996 on a motion by the People in which defendant joined. As part of the motion, the People reserved the right to apply "for further proceedings" if "there [is] anything further". Although no grounds for the dismissal were stated, the record establishes that evidence critical to the prosecution had been suppressed and that the court was concerned about the length of time that the case had been pending.

On January 14, 1997, the People made an ex parte application to submit the charges to another Grand Jury pursuant to CPL 210.20 (4) based on new evidence. To fall within CPL 210.20 (4), the People characterize the earlier dismissal as a dismissal in the interest of justice (see, CPL 210.20 [1] [i]; 210.40). The application was granted by County Court (Elliott, J.), and the second indictment was filed on February 20, 1997. That indictment was identical to the first indictment, except for the deletion of one count of criminal use of a firearm in the first degree and the addition of two counts of robbery in the first degree and one count of conspiracy in the fourth degree arising from the October 26, 1995 homicide.

Defendant moved to dismiss the second indictment on the ground that submission of the charges to another Grand Jury was not authorized by CPL 210.20 (4). Supreme Court (Brunetti, J.) denied that motion and reinstated the first indictment pursuant to *People v Douglass* (60 NY2d 194). We conclude that the court acted properly. It recognized, even if the parties did not, that the dismissal of the first indictment was a nullity. It matters not that the first indictment was dismissed upon the request of the parties because the court in

that instance acted in excess of its authority. A court is without authority to dismiss an indictment based upon the People's inability to proceed to trial (*see, People v Douglass, supra,* at 200; *People v Boyde,* 213 AD2d 1064, *lv denied* 86 NY2d 732). "[T]he CPL is an integrated and comprehensive system of laws * * * [and] it is not for the trial courts to depart from the clear wording of [the] CPL * * * and adopt, ipse dixit, a rule which empowers them to dismiss criminal proceedings on grounds, such as 'failure to prosecute' and 'calendar control', which the Legislature never authorized" (*People v Douglass, supra,* at 205). "Consent cannot give a court jurisdiction or authorize a substantial change in its fundamental mode of proceeding" (*People ex rel. Battista v Christian,* 249 NY 314, 320). The court should have placed the case on a reserve calendar subject to a motion to dismiss pursuant to CPL 30.20 or 210.40 (*see, Matter of Holtzman v Goldman,* 71 NY2d 564, 574). We reject the People's contention that the first indictment was dismissed in the interest of justice (*see,* CPL 210.20 [1] [i]; 210.40) and that they thus had the authority pursuant to CPL 210.20 (4) to seek leave to submit the charges to another Grand Jury (*see, People v Strudwick,* 178 AD2d 947, *lv denied* 80 NY2d 839). Because the dismissal was a nullity, the first indictment remained effective, and authorization to seek a superseding indictment was not required (*see,* CPL 200.80).

Defendant's contention that the court acted in violation of CPLR 2221 in reinstating the first indictment is not preserved for our review (*see,* CPL 470.05 [2]; *see, People v Jennings,* 69 NY2d 103, 113-114). Defendant moved for that relief, which was not opposed by the People. We decline to address that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Although the second indictment was properly superseding, the two indictments were consolidated pursuant to CPL 200.20 (4) on motion by the People without objection from defendant. The duplicative counts were properly excised, and any error resulting from that procedure was harmless.

We reject defendant's contention that the People failed to present sufficient evidence to corroborate the accomplice testimony (*see,* CPL 60.22 [1]; *People v Adams,* 222 AD2d 1093, *lv denied* 88 NY2d 844; *People v Vaccaro,* 214 AD2d 981, 982, *lv denied* 86 NY2d 742). There was proof that, when defendant was apprehended one-half hour after the crimes, his clothing matched the description of the clothing worn by one of the assailants, he was seated in a vehicle similar to the one used in the crimes, and the revolver found in the trunk of that vehicle was similar to the one used in the crimes.

We also reject the contention of defendant that his constitutional right to a speedy trial was violated (*see, People v Taranovich*, 37 NY2d 442, 445). Although approximately 19 months elapsed between defendant's arrest and trial and defendant was incarcerated for much of that time, the charges against defendant were extremely serious, much of the delay was attributable to defendant's pretrial motions and the delay did not impair the defense (*see, People v Mitchell*, 234 AD2d 965, 966-967, *lv denied* 89 NY2d 1097).

We further reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct. Some of the alleged instances of prosecutorial misconduct are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). With respect to those alleged instances that are preserved, the conduct of the prosecutor was not so egregious or prejudicial as to deny defendant his right to a fair trial (*see generally, People v Galloway*, 54 NY2d 396, 401).

Additionally, we conclude that the court did not err in failing to instruct the jury that the codefendants' plea bargain was contrary to law (*see, People v Thomasula*, 78 NY2d 1051, 1053-1054), in denying defendant's request for new assigned counsel (*see, People v Walsh*, 253 AD2d 899; *People v Cotton*, 237 AD2d 943, *lv denied* 90 NY2d 857) and in denying defendant's CPL 330.30 motion without a hearing (*see, People v Haddad*, 133 AD2d 124, 125, *lv denied* 70 NY2d 932). We reject defendant's contention that the sentence is unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit.

All concur except Pine, J. P., who dissents in part and votes to modify in the following Memorandum.

Pine, J. P. (dissenting in part). I respectfully dissent in part. We are faced with reviewing a record in a criminal case involving charges of murder and robbery, among others, where both the People and defendant seek to avoid consequences of having sought and obtained certain relief. The majority takes the position that the initial relief sought and obtained by the People, on a motion in which defendant joined, i.e., dismissal of the original indictment by County Court (Burke, J.), was a nullity and thus that the first indictment in fact remained valid. I agree with the majority that leave to resubmit under CPL 210.20 (4) was improperly granted by County Court (Elliott, J.) both because the motion for dismissal was not on a ground for which re-presentment is authorized under that section and

because the People made the motion for dismissal (*see, People v Strudwick,* 178 AD2d 947, *lv denied* 80 NY2d 839).

The majority premises its analysis on the conclusion that Supreme Court (Brunetti, J.) acted properly in reinstating the first indictment because the dismissal violated the principle articulated in *People v Douglass* (60 NY2d 194) and the Judge who dismissed the first indictment acted in excess of his authority. I agree with the majority that the fact that the People were not prepared to proceed to trial did not authorize County Court to dismiss the indictment (*see,* CPL 210.20). It does not follow, however, that a Judge of coordinate jurisdiction was authorized to correct the error. In my view, the Supreme Court Justice who reinstated the first indictment acted in excess of his authority because the dismissal was the law of the case (*see, People v Bradley,* 247 AD2d 929, *lv denied* 91 NY2d 940). We held in *People v Broome* (151 AD2d 995) that a Judge is bound by the prior determination of a Judge of coordinate jurisdiction that identification testimony could not be used at trial; a fortiori, a Judge is bound by the prior determination of a Judge of coordinate jurisdiction to dismiss an indictment.

I also note that, because the People sought dismissal and defendant joined in the motion, neither party can argue that it is aggrieved by the dismissal nor could either have appealed from the order of dismissal. The majority avoids that problem by analogizing these facts to those in *People ex rel. Battista v Christian* (249 NY 314) and relying on language therein that "[c]onsent cannot give a court jurisdiction or authorize a substantial change in its fundamental mode of proceeding" (*People ex rel. Battista v Christian, supra,* at 320). *Battista* involved a conflict between the requirement in the New York Constitution that prosecution for an infamous crime be based on indictment and a statute permitting a person to plead guilty to an information, and the Court held that the Constitution prevails. No question of jurisdiction or fundamental mode of proceeding is present here, however.

I conclude based on the doctrine of law of the case that the first indictment could not be reinstated by a different Judge and that the second indictment was invalid to the extent that it involved improper re-presentment of charges in the first indictment. I agree with the majority with respect to the remaining issues. I therefore would modify the judgment by granting in part defendant's motion and dismissing counts one, two, three and six of the second indictment. The remaining counts are valid because they are new charges upon which the

People were free to obtain an indictment without seeking permission, and I would affirm the judgment of conviction with respect to those counts. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.