■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN JESSUP, Appellant. [698 NYS2d 42] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sampson, J.), rendered January 21, 1997, convicting him of robbery in the first degree (two counts), robbery in the second degree (three counts), attempted robbery in the first degree, attempted robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court's denial of defense counsel's request to be relieved did not violate his constitutional rights. Although an indigent defendant has a right to a court-appointed attorney, he does not have the right to his choice of assigned counsel (*see, People v Medina,* 44 NY2d 199, 207; *People v Rua,* 198 AD2d 311, 312). The decision to appoint new counsel is within the trial court's discretion (*see, People v Rua, supra*). The request, made immediately prior to

opening statements, failed to establish good cause for a substitution of counsel. The defendant refused to respond to the court's further inquiry. Any communication problem between counsel and the defendant was caused by the defendant's uncooperative attitude and, nevertheless, defense counsel provided effective representation and was able to conduct a meaningful defense. Under the circumstances, the court did not err in denying the request (*see, People v Bailey,* 224 AD2d 435; *People v Rua, supra*).

The sentence imposed upon the defendant was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.