■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant. [716 NYS2d 322] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered March 29, 1999, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied both the defendant's and his counsel's motions, prior to voir dire, to substitute counsel based upon an alleged grievance filed by the defendant against his trial counsel (*see, People v Lashway,* 187 AD2d 747). Whether to allow a defendant to substitute counsel is largely within the discretion of the Trial Judge (*see, People v Arroyave,* 49 NY2d 264). The defendant must show good cause for the substitution, and the motion must not be made merely as a dilatory tactic (*see, People v Arroyave, supra*). Under the facts of this case, the action of the defendant was merely a dilatory tactic.

The Supreme Court properly refused to grant the defendant's challenge for cause to a prospective juror. Where there is evidence that a prospective juror's state of mind is likely to preclude him or her from rendering an impartial verdict (*see,* CPL 270.20 [1] [b]), the juror must state unequivocally that he or she would be able to render a verdict based solely on the evidence adduced at trial (*see, People v Torpey,* 63 NY2d 361, 367; *People v Blyden,* 55 NY2d 73, 77-78; *People v Davis,* 248 AD2d 399). Here, the juror's responses, taken as a whole, established the necessary unequivocal declaration of impartiality (*see, People v Torpey, supra*; *People v Blyden, supra*).

The defendant's remaining contention is without merit. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.