■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO SANCHEZ, Appellant. [777 NYS2d 144]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered December 8, 2000, convicting him of criminal sale of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the County Court properly denied his request to substitute counsel or for permis-

sion to proceed pro se. The decision to allow a defendant to substitute counsel is largely within the discretion of the trial court (*see People v Brown,* 277 AD2d 246 [2000]). The request cannot be made merely as a dilatory tactic, but must be based on a showing of good cause, which the County Court properly found to be lacking (*see People v Brown, supra; People v Jessup,* 266 AD2d 313, 314 [1999]; *People v DiGabriele,* 262 AD2d 331 [1999]). The defendant's request to proceed pro se must be based on a knowing, voluntary, and intelligent waiver of the right to counsel. Here, the County Court, after undertaking a searching inquiry, correctly determined that the defendant's purported waiver was ineffective (*see People v Arroyo,* 98 NY2d 101, 103 [2002]; *People v Smith,* 92 NY2d 516, 520-521 [1998]; *People v Slaughter,* 78 NY2d 485, 491 [1991]).

The defendant's contention that his right to a public trial was violated by the County Court's decision to partially close the courtroom during the testimony of three undercover narcotics detectives is unpreserved for appellate review (*see People v Diaz,* 265 AD2d 489 [1999]; *see also People v Grant,* 309 AD2d 764 [2003], *lv denied* 1 NY3d 572 [2003]; *People v Casper,* 287 AD2d 575 [2001]).

The defendant's right to be present at trial was not violated by his removal from the courtroom during the summations and the jury charge. The defendant forfeited his right to be present when he defiantly continued to engage in disruptive behavior despite repeated warnings given to him by the County Court outside the presence of the jury. The County Court made arrangements to transmit the trial via microphone to the location where the defendant was being held, and made clear that the defendant was free to return to the courtroom at any time if he promised to conduct himself properly. Under these circumstances, the County Court acted well within its discretion (*see Illinois v Allen,* 397 US 337, 343-344 [1970]; *People v Perez,* 213 AD2d 499 [1995]; *People v Jefferson,* 211 AD2d 825, 826 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Townes, Cozier and Mastro, JJ., concur.