■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. KERRICK, SR., Appellant. [829 NYS2d 325]—Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered January 26, 2006. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts), sexual abuse in the second degree (four counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]) and four counts of sexual abuse in the second degree (§ 130.60 [2]). We reject defendant's contention that reversal is required based upon prosecutorial misconduct. "With respect to the instances of alleged prosecutorial misconduct that are preserved for our review, we conclude that 'the conduct of the prosecutor was not so egregious or prejudicial as to deny defendant his right to a fair trial' " (*People v Mastowski*, 26 AD3d 744, 746 [2006], *lv denied* 6 NY3d 850, 7 NY3d 815 [2006], quoting *People v Dexter*, 259 AD2d 952, 954 [1999], *affd* 94 NY2d 847 [1999]). Defendant failed to preserve for our review his contention with respect to

the remaining instances of alleged prosecutorial misconduct during summation (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911 [2006]), and he also failed to preserve for our review his contention that County Court improperly questioned the complainant (*see People v Charleston*, 56 NY2d 886, 887 [1982]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The court properly exercised its discretion in precluding defendant from presenting testimony concerning matters that were irrelevant to the charges against him (*see People v Greene*, 16 AD3d 350 [2005], *lv denied* 5 NY3d 789 [2005]). Finally, the court's imposition of a sentence more severe than that offered during plea negotiations does not support the contention of defendant that he was penalized for exercising his right to go to trial (*see People v Taplin*, 1 AD3d 1044, 1046 [2003], *lv denied* 1 NY3d 635 [2004]), and the sentence is not unduly harsh or severe. Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.