Appeal from a judgment of the Yates County Court (W Patrick Falvey, J.), rendered July 31, 2007. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), arising from his possession of, inter alia, a drawing of the recreation yard and back area of the jail. Defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish that he possessed dangerous contraband. We reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Pursuant to Penal Law § 205.25 (2), “[a] person is guilty of promoting prison contraband in the first degree when . . . [b]eing a person confined in a detention facility, he [or she] knowingly and unlawfully makes, obtains or possesses any dangerous contraband.” “[T]he test for determining whether an item is dangerous contraband is whether its particular *1267 characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility’s institutional safety or security” (People v Finley, 10 NY3d 647, 657 [2008]). Items that facilitate an escape are properly considered dangerous contraband because they endanger the safety or security of a facility (see People v Jones, 134 AD2d 701, 703 [1987], lv denied 71 NY2d 969 [1988]). Here, we conclude that the drawing of the recreation yard and back area of the jail is an item that could facilitate escape and thus constitutes dangerous contraband.
We reject the further contention of defendant that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). In addition, we conclude that County Court’s “imposition of a sentence more severe than that offered during plea negotiations does not support the contention of defendant that he was penalized for exercising his right to go to trial” (People v Kerrick, 37 AD3d 1058, 1059 [2007], lv denied 8 NY3d 947 [2007]; see People v Taplin, 1 AD3d 1044, 1046 [2003], lv denied 1 NY3d 635 [2004]). Contrary to defendant’s further contention, the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). We reject defendant’s contention that the persistent felony offender statute is unconstitutional (see People v Rivera, 5 NY3d 61, 63 [2005], cert denied 546 US 984 [2005]; People v Rosen, 96 NY2d 329, 333-335 [2001], cert denied 534 US 899 [2001]), and we further conclude that the court complied with the procedural requirements of Penal Law § 70.10 in sentencing defendant as a persistent felony offender. Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.