■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE C. GARCIA, Also Known as "DIABOLICO," Also Known as "THE DEVIL," Appellant. [869 NYS2d 618]—

The defendant's contention that the County Court improvidently exercised its discretion in removing him from the courtroom is without merit (*see generally* CPL 260.20; *People v Byrnes,* 33 NY2d 343 [1974]). The record shows that the defendant forfeited his right to be present at trial by engaging in disruptive behavior which caused his removal from the courtroom (*see People v Sanchez,* 7 AD3d 645, 646 [2004]) and "by deliberately absenting himself from the proceedings" when he refused to return to the courtroom (*People v Jenkins,* 45 AD3d 864, 865 [2007]; *see People v Brooks,* 75 NY2d 898 [1990]; *People v Sanchez,* 65 NY2d 436, 443-444 [1985]). Likewise, the court did not improvidently exercise its discretion in denying the defendant's requests for a substitution of assigned counsel (*see People v Sanchez,* 7 AD3d 645, 645-646 [2004]; *People v Brown,* 277 AD2d 246 [2000]; *People v Jessup,* 266 AD2d 313, 314 [1999]).

The defendant's request to charge the jury with criminal possession of a controlled substance in the third degree (*see* Penal Law § 220.16 [12]) as a lesser-included offense of criminal possession of a controlled substance in the first degree (*see* Penal Law § 220.21 [1]) was properly denied. The unrefuted evidence at trial established that the defendant possessed one-half

kilogram—or 17.6 ounces—of cocaine, which is more than twice the amount of cocaine necessary to have committed the first-degree offense. Thus, there was no reasonable view of the evidence to support a finding that he committed the lesser offense and not the greater (*see People v Van Norstrand*, 85 NY2d 131 [1995]; *People v Evans*, 37 AD3d 847 [2007]; *People v Walker*, 300 AD2d 417 [2002]; *People v Jackson*, 220 AD2d 688, 689 [1995]).

Contrary to the defendant's contention, that branch of his omnibus motion which was to suppress physical evidence was properly denied without a hearing, since the defendant failed to provide a sufficient legal basis for suppression (*see* CPL 710.60 [3] [a]; *People v Burton*, 6 NY3d 584, 587 [2006]).

The defendant's contention, raised in his supplemental pro se brief, that the prosecutor presented perjured testimony is unpreserved for appellate review, and the defendant's remaining contentions are without merit. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.