■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRICK ALLISON, Appellant. [892 NYS2d 516]—

The defendant failed to preserve for appellate review his present contentions regarding the denial of his two applications to dismiss the indictment pursuant to CPL 30.30 (*see* CPL 470.05 [2]; *People v Robinson,* 47 AD3d 847, 848 [2008]; *People v Davilla,* 272 AD2d 552 [2000]). In any event, the Supreme Court did not err in denying those applications under the circumstances herein (*see* CPL 210.45 [1]; *see also People v Smith,* 259 AD2d 768 [1999]; *People v Carter,* 115 AD2d 551 [1985]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's requests for a new assigned counsel (*see People v Stevenson,* 36 AD3d 634 [2007]; *People v Sanchez,* 7 AD3d 645, 645-646 [2004]; *People v Brown,* 277 AD2d 246 [2000]; *People v Jessup,* 266 AD2d 313, 313-314 [1999]). The Supreme Court conducted a sufficient inquiry regarding the basis of the defendant's request and no further inquiry was required, as the defendant's assertions did not suggest the serious possibility of a genuine conflict of interest or other impediment to the defendant's representation by assigned counsel (*see People v Stevenson,* 36 AD3d at 634-635; *People v Moore,* 228 AD2d 622 [1996]; *People v Gaines,* 212 AD2d 727, 727-728

[1995]). During the pendency of the proceedings, the Supreme Court granted the defendant's two prior requests for new assigned counsel. Moreover, the defendant was not deprived of his right to be represented by counsel of his own choosing by the trial court's refusal to adjourn the trial. "[A]bsent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time" (*People v Arroyave,* 49 NY2d 264, 271 [1980]; *see People v Campbell,* 54 AD3d 959 [2008]). Here, the defendant had ample opportunity to retain counsel of his own choosing before his request, and he failed to demonstrate that the requested adjournment was necessitated by forces beyond his control and was not a dilatory tactic (*see People v Campbell,* 54 AD3d at 959; *People v Grigg,* 299 AD2d 367 [2002]; *People v Brown,* 277 AD2d 246 [2000]).

The Supreme Court did not err in allowing the defendant to represent himself during part of the trial. The defendant's clear and unequivocal waiver of his right to counsel was knowingly, voluntarily, and intelligently made (*see People v Providence,* 2 NY3d 579 [2004]; *People v Savage,* 29 AD3d 1022, 1023 [2006]; *People v Zuga,* 306 AD2d 505, 506 [2003]; *People v Riddick,* 299 AD2d 562, 563 [2002]; *People v Harris,* 292 AD2d 633, 634 [2002]). The trial court undertook a sufficiently searching inquiry of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel were impressed upon him (*see People v Providence,* 2 NY3d 579 [2004]; *People v Savage,* 29 AD3d at 1023-1024; *People v Riddick,* 299 AD2d at 563; *People v Harris,* 292 AD2d at 634).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.