■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BAXTER, Appellant. [961 NYS2d 194]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered May 24, 2010, convicting him of robbery in the second degree (two counts), grand larceny in the fourth degree, assault in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly denied his request to suppress a showup identification. Here, the showup took place less than one hour after the crime was reported, within a few blocks of the crime scene, and was not unduly suggestive (*see People v Mais*, 71 AD3d 1163, 1165 [2010]; *People v Gonzalez*, 57 AD3d 560, 561 [2008]).

The defendant's contention that the Supreme Court erred in denying his application to proceed pro se is without merit, as his application was neither timely nor unequivocal (*see People v McIntyre*, 36 NY2d 10, 14-15 [1974]; *People v White*, 60 AD3d 877, 878 [2009]; *People v Jenkins*, 45 AD3d 864, 864-865 [2007]; *People v Carter*, 299 AD2d 418, 418-419 [2002]). Similarly, the defendant's contention that the Supreme Court improvidently exercised its discretion in removing him from the courtroom is without merit (*see* CPL 260.20; *People v Byrnes*, 33 NY2d 343, 349 [1974]). The record shows that the defendant forfeited his right to be present at trial by engaging in disruptive behavior, which caused his removal from the courtroom (*see People v Garcia*, 57 AD3d 918, 918 [2008]; *People v Sanchez*, 7 AD3d 645, 646 [2004]).

The defendant's contentions that the trial court failed to provide an expanded identification charge and circumstantial evidence charge to the jury, and that such failures deprived him of a fair trial and constituted reversible error, are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Cox*, 54 AD3d 684, 685 [2008]; *People v Johnson*, 293 AD2d 489, 489 [2002]), and in any event, are without merit.

The defendant failed to preserve for appellate review his contention that there was legally insufficient proof of his guilt of the crime of possession of burglar's tools (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event,

viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crime of possession of burglar's tools beyond a reasonable doubt (*see* Penal Law § 140.35; *People v Wendley*, 260 AD2d 185, 185 [1999]; *cf. People v Hernandez*, 127 AD2d 790, 791-792 [1987]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The defendant's contention that the Supreme Court erred in imposing an amount of restitution without a hearing because there was insufficient evidence in the record to allow the Supreme Court to determine the amount he should pay is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Harris*, 72 AD3d 1110, 1112 [2010]; *People v Lawson*, 65 AD3d 1380, 1380 [2009]). In any event, his contention is without merit, as the presentence report provided the Supreme Court with a sufficient evidentiary basis to determine the amount of restitution (*see People v Price*, 95 AD3d 905, 906 [2012]; *People v Henry*, 64 AD3d 804, 806-807 [2009]; *People v Charles*, 309 AD2d 873, 874 [2003]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review, and, in any event, are without merit. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.