■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY KNIGHT, Appellant. [19 NYS3d 901]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered October 15, 2012, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the perpetrator and his guilt of the crimes of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a new assigned counsel (*see People v Porto*, 16 NY3d 93, 99-100 [2010]; *People v Allison*, 69 AD3d 740, 740 [2010]). The court conducted a sufficient inquiry regarding the basis of the defendant's request and no further inquiry was required, as the defendant's assertions did not suggest the serious possibility of a genuine conflict of interest or other impediment to the defendant's representation by assigned counsel (*see People v Porto*, 16 NY3d at 99-100; *People v Sides*, 75 NY2d 822, 824 [1990]; *People v Sawyer*, 57 NY2d 12, 18-19 [1982]; *People v Medina*, 44 NY2d 199, 207 [1978]; *People v Allison*, 69 AD3d at 740; *cf. People v Beard*, 100 AD3d 1508, 1510 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.