People v Knight (2015 NY Slip Op 09120)





People v Knight


2015 NY Slip Op 09120


Decided on December 9, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2012-09974
 (Ind. No. 5050/11)

[*1]The People of the State of New York, respondent,
v
Jerry Knight, appellant.


Lynn W. L. Fahey, New York, N.Y. (Jenin Younes of counsel), for appellant.
Kenneth P. Thompson, District Attorney, Brooklyn, N.Y. (Leonard Joblove, Howard B. Goodman, and Amanda Muros-Bishoff of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered October 15, 2012, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator and his guilt of the crimes of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a new assigned counsel (see People v Porto, 16 NY3d 93, 99-100; People v Allison, 69 AD3d 740, 740). The court conducted a sufficient inquiry regarding the basis of the defendant's request and no further inquiry was required, as the defendant's assertions did not suggest the serious possibility of a genuine conflict of interest or other impediment to the defendant's representation by assigned counsel (see People v Porto, 16 NY3d at 99-100; People v Sides, 75 NY2d 822, 824; People v Sawyer, 57 NY2d 12, 18-19; People v Medina, 44 NY2d 199, 207; People v Allison, 69 AD3d at 740; cf. People v Beard, 100 AD3d 1508, 1510).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court