■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY WRIGHT, Appellant. [47 NYS3d 471]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered September 10, 2013, convicting him of rape in the third degree (two counts), criminal sexual act in the third degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's sole contention on appeal is that the Supreme Court improvidently exercised its discretion in denying his request for new assigned counsel.

"The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Washington*, 25 NY3d 1091, 1095 [2015] [internal quotation marks omitted]; *see People v Sides*, 75 NY2d 822, 824 [1990]; *People v Sawyer*, 57 NY2d 12, 18-19 [1982]). "Nevertheless, the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides*, 75 NY2d at 824 [internal quotation marks omitted]; *see People v Washington*, 25 NY3d at 1095). "Such requests may not be used merely to delay the orderly administration of justice, and while they are not to be granted casually[,] the trial court in exercising its discretion to grant or deny must carefully evaluate seemingly serious requests in order to ascertain whether there is indeed good cause for substitution" (*People v Sides*, 75 NY2d at 824; *see People v McClam*, 60 AD3d 968, 969 [2009]).

Here, the defendant was charged with multiple counts of rape in the first degree, criminal sexual act in the first degree, and other crimes. At a calendar call prior to trial, the defendant told the Supreme Court in a conclusory fashion that he was having problems communicating with his assigned counsel. The court (DiMango, J.) began to summarize the charges against the defendant and obtain a better understanding of his perceived communication problems with assigned counsel. The defendant provided a vague assertion that he did not know what motions his counsel had filed. Further, the defendant tried to end the colloquy and indicated that he would prefer not to be present for discussion of the issue. After the defendant left the courtroom, the court further discussed the matter with counsel, who supported the defendant's request for new assigned counsel. The court concluded that current counsel was likely to provide very effective representation, any communication problems resulted directly from the defendant's antagonistic attitude, and, even if new counsel were assigned, the defendant would likely have the same issues. Thereafter, the defendant renewed his request for new assigned counsel and the court asked him again to explain his problem with his present attorney. At this juncture, the defendant told the court, "I don't have to answer you." Thereafter, the court denied the request for new counsel, and the case was sent to a different Justice (Del Giudice, J.), who made a separate inquiry into the defendant's alleged issues with his current counsel. After expressing concern about preventing the case, which was ap-

proximately one year old, from moving forward, the court once again declined the request to assign new counsel.

Contrary to the defendant's contention, the Supreme Court conducted an adequate inquiry into the reasons for the request to assign new counsel (*see generally People v Smith*, 18 NY3d 588, 591-593 [2012]). The defendant's responses certainly did not suggest the possibility of a genuine conflict of interest (*see People v Stevenson*, 36 AD3d 634, 635 [2007]). Further, there were strong indications that although there was a communication problem between defense counsel and the defendant, the fault for that difficulty lay with the defendant, who demonstrated a biased attitude toward counsel (*see People v Rua*, 198 AD2d 311, 312 [1993]; *People v Outlaw*, 184 AD2d 665 [1992]). Despite the defendant's lack of cooperation, however, counsel was willing and able to conduct a meaningful defense (*see People v Baldi*, 54 NY2d 137, 147 [1981]). We note that the defendant was ultimately acquitted of the top counts of rape in the first degree and criminal sexual act in the first degree.

Accordingly, under all the circumstances present here, we find that the Supreme Court providently exercised its discretion in denying the request to assign new counsel (*see People v Garcia*, 57 AD3d 918, 918 [2008]; *People v Rua*, 198 AD2d at 312; *see also People v Allison*, 69 AD3d 740, 740 [2010]). Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.