People v Highsmith (2022 NY Slip Op 01038)





People v Highsmith


2022 NY Slip Op 01038


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-03621
 (Ind. No. 18-0021)

[*1]The People of the State of New York, respondent,
v
Coty Highsmith, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered February 5, 2019, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's supplemental omnibus motion to controvert a search warrant and suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court did not err in denying, without a hearing, his supplemental omnibus motion to controvert a search warrant and suppress physical evidence seized in the execution thereof. The defendant's supporting papers were conclusory and failed to set forth factual allegations sufficient to warrant a hearing (see CPL 710.60[3][b]; People v Garay, 25 NY3d 62, 72; People v Mendoza, 82 NY2d 415, 426). Further, the defendant improperly relies upon trial testimony, which may not be considered in evaluating a suppression ruling on appeal (see People v Abrew, 95 NY2d 806, 808; People v Perez-Rodriguez, 166 AD3d 659, 659-660). His contention that the court erred in failing to reconsider his suppression motion in light of the trial testimony is without merit, as he did not move for such relief (see generally People v Abrew, 95 NY2d at 808; People v Rice, 39 AD3d 567, 568; People v Crosby, 33 AD3d 719, 720).
Contrary to the defendant's contention, the County Court conducted an adequate inquiry into the reasons for his request for the assignment of new counsel (see generally People v Porto, 16 NY3d 93, 99-102; People v Linares, 2 NY3d 507, 510-511). The defendant's responses did not suggest the possibility of a genuine conflict of interest or other good cause for the substitution of counsel (see People v Polite, 164 AD3d 1372, 1374; People v Wright, 147 AD3d 1088, 1089; People v Cheeks, 107 AD3d 1013, 1014).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the [*2]record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court