■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BURTON, Appellant. [811 NYS2d 663]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J., at substitution of counsel; Robert H. Straus, J., at jury trial and sentence), rendered August 23, 2004, convicting defendant of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously reversed, on the law, and the matter remanded for a new trial.

As the People concede, the court's sua sponte discharge of

counsel, who had actively participated in motion practice and had demonstrated familiarity with the case, and its substitution of new counsel, on the basis of a single absence for which counsel's facially reasonable explanation was neither contradicted by any evidence nor addressed by the court, was reversible error (*People v Espinal*, 10 AD3d 326 [2004], *lv denied* 3 NY3d 740 [2004]). There had been no pattern of delay caused by counsel's failure to appear. Therefore, the court deprived defendant of the right to continued representation by assigned counsel with whom he had formed an attorney-client relationship.

This disposition renders academic defendant's claims of trial error. Concur—Buckley, P.J., Friedman, Nardelli, Sweeny and Malone, JJ.