■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO HOPKINS, Appellant. [889 NYS2d 27]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered November 19, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of $4\frac{1}{2}$ years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility.

The court properly denied defendant's request for new counsel, made during jury selection, since defendant, who received a reasonable opportunity to be heard, did not establish good cause for a substitution (*see People v Linares*, 2 NY3d 507 [2004]; *People v Sides*, 75 NY2d 822 [1990]). The court permitted defendant to state the reasons for his request, and only addressed counsel after defendant was finished speaking. Defendant did not establish a "breakdown" in the attorney-client relationship, but only expressed disagreements about trial strategy and a generalized complaint about the quality of the representation. We have considered and rejected defendant's remaining arguments on this issue.

The court properly declined to instruct the jury that "mere presence" at the scene of a crime is insufficient to establish guilt. There was no factual basis for such an instruction (*see People v Slacks*, 90 NY2d 850 [1997]), which would have been unnecessary and potentially confusing. The People's sole theory

was that defendant personally gave drugs to an undercover officer in return for money. There was no issue of accessorial liability, and defendant's defense was misidentification. In any event, the court's charge, viewed as a whole, adequately conveyed the same concept.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.