# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

555
KA 12-01168
PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JONATHAN LEWICKI, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 12, 2012. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (§ 140.20).

In both appeals, defendant contends that Supreme Court failed to make a sufficient inquiry into his request for new counsel. We note at the outset that, to the extent that defendant challenges the court's failure to assign him new counsel prior to the plea, that contention is "encompassed by his plea and his valid waiver of the right to appeal in each appeal except to the extent that it implicates the voluntariness of the plea" (*People v Guantero*, 100 AD3d 1386, 1387, *lv denied* 21 NY3d 1004). In any event, although defendant made vague, conclusory assertions that there was a "lack of representation" with respect to his case and that defense counsel had not visited him in jail as promised mere days before the scheduled trial on the murder charge, the record establishes that defendant did not express any further concerns with defense counsel before pleading guilty, and he confirmed during the plea colloquy that he was satisfied with his attorney's representation. Defendant therefore "abandoned his request for new counsel when he 'decid[ed] . . . to plead guilty while still being represented by the same attorney' " (*id.*).

With respect to defendant's post-plea request for substitution of counsel, we conclude that defendant "failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" (*People v Porto*, 16 NY3d 93, 100; *see People v Wilson*, 112 AD3d 1317, 1318; *People v Davis*, 99 AD3d 1228, 1229, *lv denied* 20 NY3d 1010). Defendant's "form motion did not contain any specific factual allegations that would indicate a serious conflict with counsel" (*Porto*, 16 NY3d at 100-101), but rather it contained only general assertions of dissatisfaction with defense counsel's representation (*see People v Hopkins*, 67 AD3d 471, 471, *lv denied* 14 NY3d 771; *see generally People v Sides*, 75 NY2d 822, 824). Defendant's further allegations that defense counsel "lied" to him and talked him into pleading guilty are belied by the record (*see People v Carter*, 304 AD2d 771, 771-772).

Contrary to the further contention of defendant in each appeal, we conclude that the court did not abuse its discretion in denying his motion to set aside his guilty pleas. "The determination whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the court" (*People v Said*, 105 AD3d 1392, 1393, *lv denied* 21 NY3d 1019), and "a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding" (*People v Williams*, 103 AD3d 1128, 1128, *lv denied* 21 NY3d 915). Here, defendant's claim that defense counsel "told" him to plead guilty is belied by defendant's statements during the plea colloquy that he was satisfied with the representation of defense counsel, that he had sufficient time to consider the plea, that no one had forced him to plead guilty, and that he was entering the plea voluntarily (*see People v Rossborough*, 105 AD3d 1332, 1333, *lv denied* 21 NY3d 1045; *People v Ivey*, 98 AD3d 1230, 1231, *lv dismissed* 20 NY3d 1012; *People v Garner*, 86 AD3d 955, 955-956). Contrary to the further assertions of defendant, there is no indication in the plea proceeding that he was confused by the plea offers, that he did not understand the terms of the plea offers or the consequences of pleading guilty, or that he was suffering from extreme emotional distress. Both the prosecutor and the court reviewed the terms of the plea offers in detail, and defendant repeatedly confirmed that he understood. Moreover, defendant's "conclusory and unsubstantiated claim of innocence is belied by his admissions during the plea colloquy" (*Garner*, 86 AD3d at 955; *see Williams*, 103 AD3d at 1129).

We reject the contention of defendant that his waiver of the right to appeal is ineffective with respect to the severity of the sentence imposed in each appeal. The court made clear to defendant that his waiver of the right to appeal would encompass any challenge to the severity of the sentence, and defendant confirmed that he understood (*see generally People v Maracle*, 19 NY3d 925, 927-928). We note in any event that the sentence in each appeal is not unduly harsh or severe in light of the brutal nature of the crime and defendant's

utter lack of remorse.

Entered:  June 13, 2014

Frances E. Cafarell
Clerk of the Court