Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 1, 2012, convicting him of predatory sexual assault (two counts), rape in the second degree, rape in the third degree (three counts), criminal sexual act in the third degree (three counts), criminal possession of a weapon in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt of the crimes of predatory sexual assault, rape in the second degree as charged in the third count of the indictment, and endangering the welfare of a child as charged in the fourth count of the indictment. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of *1027 the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, he was not deprived of the right to counsel by the trial court’s denial of his motion for substitution of counsel. A defendant may be entitled to new assigned counsel upon a showing of good cause, such as a conflict of interest or other irreconcilable conflict with counsel (see People v Sides, 75 NY2d 822, 824 [1990]; People v Medina, 44 NY2d 199, 207 [1978]; see also People v Brown, 305 AD2d 422, 423 [2003]). “Whether counsel is substituted is within the ‘discretion and responsibility’ of the trial judge, and a court’s duty to consider such a motion is invoked only where a defendant makes a ‘seemingly serious request[ ]’ ” (People v Porto, 16 NY3d 93, 99-100 [2010], quoting People v Medina, 44 NY2d at 207, and People v Sides, 75 NY2d at 824). Where a seemingly serious request is made, the trial court is obligated to conduct at least a “minimal inquiry” to determine the nature of the conflict and a possible resolution (see People v Porto, 16 NY3d at 100).
In People v Porto, the Court of Appeals delineated the threshold necessary to require a court to make further inquiry, to wit, a defendant’s request to substitute counsel must contain “specific factual allegations of ‘serious complaints about counsel’ ” (id., quoting People v Medina, 44 NY2d at 207). Here, no serious complaint about counsel was raised by the defendant (see People v Porto, 16 NY3d at 100-101; People v Stevenson, 36 AD3d 634, 635 [2007]; People v Thompson, 32 AD3d 743 [2006]). Instead, the defendant, who already had at least one prior change of counsel, stated that he wanted new counsel because he didn’t “want [his current counsel] anymore. First and foremost [he is] not helping me at all. I don’t see myself even surviving the jungle right here with him even representing me.” The defendant further stated, “I don’t want to proceed with him. And I’m going to tell you, I’m not a lawyer or nothing like that. But I think I can do better than him.” The defendant’s bare assertions did not suggest the serious possibility of a genuine conflict of interest or other impediment to the defendant’s representation by assigned counsel, and did not create a duty of inquiry on the part of the trial court (see People v Allison, 69 *1028 AD3d 740, 740 [2010]; People v Gaines, 212 AD2d 727, 728 [1995]). Under these circumstances, the trial court providently exercised its discretion in denying the defendant’s request (see People v Porto, 16 NY3d at 100; People v Medina, 44 NY2d at 207-208).
The defendant failed to preserve for appellate review his contentions that the trial court’s instructions to the jury on the issue of reasonable doubt were constitutionally inadequate and that the court erred in admitting evidence implicating him in prior uncharged acts (see CPL 470.05 [2]; People v Valath, 56 AD3d 578, 579 [2008]; People v Dahlbender, 23 AD3d 493, 494 [2005]), and we decline to review these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]; People v Palmer, 34 AD3d 701, 703-704 [2006]; People v Cadorette, 83 AD2d 908, 909 [1981], affd 56 NY2d 1007 [1982]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is without merit.
Rivera, J.P, Dickerson, Roman and Duffy, JJ., concur.