People v Graham (2020 NY Slip Op 06545)





People v Graham


2020 NY Slip Op 06545


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2016-04492
 (Ind. No. 1338/13)

[*1]The People of the State of New York, respondent,
v
Davol A. Graham, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered April 12, 2016, convicting him of sex trafficking (two counts), promoting prostitution in the second degree, promoting prostitution in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he was not deprived of his constitutional right to counsel by the County Court's refusal to assign him new counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Washington, 25 NY3d 1091, 1095 [internal quotation marks omitted]; see People v Sides, 75 NY2d 822, 824; People v Sawyer, 57 NY2d 12, 18-19). "Nevertheless, the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (People v Sides, 75 NY2d at 824 [internal quotation marks omitted]; see People v Washington, 25 NY3d at
1095). "Such requests may not be used merely to delay the orderly administration of justice, and while they are not to be granted casually[,] the trial court in exercising its discretion to grant or deny must carefully evaluate seemingly serious requests in order to ascertain whether there is indeed good cause for substitution" (People v Sides, 75 NY2d at 824; see People v Wright, 147 AD3d 1088, 1089). "Where a seemingly serious request is made, the trial court is obligated to conduct at least a 'minimal inquiry' to determine the nature of the conflict and a possible resolution" (People v Ward, 121 AD3d 1026, 1027; see People v Porto, 16 NY3d 93, 100; People v Harris, 166 AD3d 801, 802). "In determining whether good cause exists, a trial court must consider the timing of the defendant's request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance" (People v Linares, 2 NY3d 507, 510; see People v Porto, 16 NY3d at 100).
Here, when the defendant, who already had at least one prior change of counsel, [*2]requested new counsel at a pretrial calendar call, the County Court (Barbara Kahn, J.) properly determined that the defendant's assertions failed to show that substitution of counsel was warranted (see People v Ward, 121 AD3d at 1027-1028). During jury selection before a different Judge, the defendant presented the court with a written motion for substitution of counsel. The County Court (Fernando Camacho, J.) conducted an inquiry into the reasons for the request to assign new counsel (see People v Porto, 16 NY3d at 100), and determined that the defendant failed to demonstrate good cause for substitution. "[G]ood cause does not exist . . . where, on the eve of trial, disagreements over trial strategy generate discord" (People v Linares, 2 NY3d at 511; see People v Medina, 44 NY2d 199, 208). Further, there were strong indications that the fault for any difficulty in communications between defense counsel and the defendant lay with the defendant, who demonstrated hostility toward counsel (see People v Linares, 2 NY3d at 511; People v Rua, 198 AD2d 311, 312). Under all the circumstances present here, the County Court providently exercised its discretion in refusing to assign new counsel (see People v Wright, 147 AD3d at 1090; People v Ward, 121 AD3d at 1027-1028; People v Rua, 198 AD2d at 312-313).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention raised in his main brief and his pro se supplemental brief that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court