People v Nelson (2020 NY Slip Op 07400)





People v Nelson


2020 NY Slip Op 07400


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-08480
 (Ind. No. 2657/17)

[*1]The People of the State of New York, respondent,
v
Kevin Nelson, appellant.


Paul Skip Laisure, New York, NY (Emily T. Lurie of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered May 30, 2018, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support the defendant's conviction of grand larceny in the third degree (see Penal Law § 155.35[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court erred in failing to give a claim of right instruction is unpreserved for appellate review because the defendant failed to request such an instruction at the charge conference and acquiesced to the charge as given (see CPL 470.05[2]). In any event, because no reasonable view of the evidence would have supported a claim of right defense, the court was under no obligation to submit the question to the jury (see People v Brown, 33 NY3d 316, 321; People v Watts, 57 NY2d 299).
Contrary to the defendant's contention, the Supreme Court's response to a particular jury note, after both sides were allowed to read the note, of repeating the original instructions pertaining to the charge of grand larceny in the third degree, grand larceny in the fourth degree, and criminal possession of a forged instrument in the second degree, was meaningful (see People v Santi, 3 NY3d 234; People v Gonsalez, 144 AD3d 841), and the defendant suffered no discernible prejudice from the court's handling of the note (see People v Harriott, 181 AD3d 863; People v Battle, 15 AD3d 413).
Contrary to the defendant's contention, he was not deprived of the right to present a defense as a result of the Supreme Court's determination denying defense counsel's application for a two-week adjournment. Defense counsel made that application because "[p]rior to" the day before the trial was scheduled to commence, he "had not met with [the defendant] in person for at least a month" and "had not done really any trial preparation in the past several weeks for this case." This application was later modified to a request for a six-day adjournment (see People v Spears, 24 NY3d 1057; People v Singleton, 41 NY2d 402; People v Stewart, 89 AD3d 1044; People v Jackson, 41 AD3d 498). Where the protection of fundamental rights is involved, the trial court's discretion is "more narrowly construed" (People v Spears, 64 NY2d 698; see People v Foy, 32 NY2d 473, 476-477). Here, the court's explanation of its timeline, including three days of jury selection, followed by one day off, and the fact that the bulk of the People's case would not go on until the following week, established that defense counsel was provided with ample opportunity to confer with the defendant, and therefore, the defendant was not prejudiced by the court's denial of defense counsel's application (see People v Newton, 149 AD3d 874; People v Brown, 90 AD3d 545; People v Jones, 299 AD2d 162).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his request for new assigned counsel, made prior to the commencement of jury selection. "'The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option'" (People v King, 161 AD3d 773, 774, quoting People v Sides, 75 NY2d 822, 824). A trial court's duty to consider substitution arises "only where [the] defendant makes a 'seemingly serious request[ ]'" (People v Porto, 16 NY3d 93, 100, quoting People v Sides, 75 NY2d at 824). Here, the record does not support the conclusion that the defendant's request was based on specific factual allegations of a serious complaint about his counsel (see People v Stevens, 162 AD3d 1077; People v McErlean, 149 AD3d 872; People v Ward, 121 AD3d 1026).
The defendant's contention that the search of his historical cellular telephone site location information (hereinafter CSLI) records obtained by means of an attorney subpoena violated the Fourth Amendment (see Carpenter v United States, 585 US _____, 138 S Ct 2206) is unpreserved for appellate review (see CPL 470.05[2]; People v Brown, 181 AD3d 701; People v Vale, 177 AD3d 685; People v Taylor, 172 AD3d 1110; People v Clark, 171 AD3d 942). In any event, any error in the Supreme Court's admission of the defendant's CSLI records was harmless, because the evidence of the defendant's guilt was overwhelming, and there was no reasonable possibility that the error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230; People v Taylor, 172 AD3d at 1111).
Contrary to the defendant's contention, he was not deprived of his right to the effective assistance of counsel (see People v Benevento, 91 NY2d 708).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court