People v Parker (2021 NY Slip Op 03058)





People v Parker


2021 NY Slip Op 03058


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-02283
 (Ind. No. 663/17)

[*1]The People of the State of New York, respondent,
v
Robert Parker, appellant.


Matthew W. Brissenden, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered March 26, 2018, convicting him of attempted operating as a major trafficker, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court improvidently exercised its discretion in failing to conduct a "minimal inquiry" into his seemingly serious request for the assignment of new counsel, made via a pro se motion, is without merit.
"The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to [the] appointment of successive lawyers at [the] defendant's option" (People v Washington, 25 NY3d 1091, 1095 [internal quotation marks omitted]; see People v Sides, 75 NY2d 822, 824). "'Nevertheless, the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel'" (People v Graham, 188 AD3d 909, 910, quoting People v Sides, 75 NY2d at 824). "A trial court's duty to consider substitution arises 'only where [the] defendant makes a seemingly serious request[]'" (People v Nelson, 189 AD3d 1080, 1082, quoting People v Porto, 16 NY3d 93, 100). "Therefore, it is incumbent upon a defendant to make specific factual allegations of serious complaints about counsel" (People v Porto, 16 NY3d at 100 [internal quotation marks omitted]). "Where a seemingly serious request is made, the trial court is obligated to conduct at least a 'minimal inquiry' to determine the nature of the conflict and a possible resolution" (People v Graham, 188 AD3d at 910, quoting People v Ward, 121 AD3d 1026, 1027 [internal quotation marks omitted]; see People v Porto, 16 NY3d at 100). Here, the record does not support the conclusion that the defendant's request was such that it required the Supreme Court to conduct a "minimal inquiry" into his motion for the assignment of new counsel (see People v Porto, 16 NY3d at 100-101; People v Ward, 121 AD3d at 1027-1028).
In any event, the record establishes that the defendant abandoned his request for the assignment of new counsel (see People v Lewicki, 118 AD3d 1328, 1328-1329; People v Miller, 102 [*2]AD3d 813, 814; People v Ocasio, 81 AD3d 1469, 1470). Approximately five months after filing his motion for the assignment of new counsel, the defendant determined to plead guilty, while still represented by the same attorney, and confirmed during the plea colloquy that he was satisfied with counsel's services (see People v Lewicki, 118 AD3d at 1328-1329). Moreover, after filing the motion and prior to pleading guilty, the defendant appeared with counsel before the Supreme Court for six conferences and never expressed any dissatisfaction with counsel, nor did he ever mention the motion, despite having many opportunities to do so. During the conferences the court directly engaged with the defendant, addressing, inter alia, the ongoing negotiations and counsel's efforts in negotiating a resolution of the case, which were acknowledged by the defendant. In fact, it appears from the record that the defendant and counsel had a functioning relationship.
Under these circumstances, "the defendant's conduct subsequent to the making of his pro se motion evinces his satisfaction with counsel and an abandonment" of his request for the assignment of new counsel (People v Miller, 102 AD3d at 814; see People v Lewicki, 118 AD3d at 1328-1329; People v Ocasio, 81 AD3d at 1470).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court