People v English (2022 NY Slip Op 00189)





People v English


2022 NY Slip Op 00189


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2017-10424
 (Ind. No. 7376/15)

[*1]The People of the State of New York, respondent,
v
Nyquan English, appellant.


Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered June 30, 2017, convicting him of assault in the first degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Bruce M. Balter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, his statements to law enforcement officials, and identification testimony.
ORDERED that the judgment is reversed, on the law, the denial of those branches of the defendant's omnibus motion which were to suppress physical evidence, his statements to law enforcement officials, and identification testimony is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant argues, inter alia, that the Supreme Court improvidently exercised its discretion in denying his request for new assigned counsel.
"'The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option'" (People v King, 161 AD3d 772, 774, quoting People v Sides, 75 NY2d 822, 824; see People v Washington, 25 NY3d 1091, 1095). "'Nevertheless, the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel'" (People v Graham, 188 AD3d 909, 910, quoting People v Sides, 75 NY2d at 824). "A trial court's duty to consider substitution arises 'only where [the] defendant makes a seemingly serious request[ ],'" however (People v Nelson, 189 AD3d 1080, 1082, quoting People v Porto, 16 NY3d 93, 100 [internal quotation marks omitted]). A request is seemingly serious if it contains "specific factual allegations of serious complaints about counsel" (People v Porto, 16 NY3d at 100 [internal quotation marks omitted]; see People v Torres, 177 AD3d 785, 786; People v Ward, 121 AD3d 1026, 1027-1028). When a defendant's request on its face suggests a serious possibility of [*2]irreconcilable conflict with defense counsel, the court is obliged to make some minimal inquiry to determine whether the request has a genuine basis (see People v Sides, 75 NY2d at 825; People v Stevens, 162 AD3d 1077, 1077-1078).
Here, prior to conducting a suppression hearing, the Supreme Court was informed that the defendant refused to come to the courtroom, he did not want to speak with his assigned counsel, and he wanted to fire his assigned counsel. Instead of summoning the defendant to the courtroom, the court assigned an additional attorney (hereinafter the 18B attorney) to speak with the defendant. On the next court date, assigned counsel informed the court that the relationship between the defendant and assigned counsel had been contentious for some time due to the defendant's lack of access to discovery and assigned counsel's inability to obtain specific evidence that the defendant requested. The 18B attorney informed the court that the defendant wanted new assigned counsel and characterized "a vast majority" of the defendant's complaints as "problems with legal strategy." Assigned counsel advised the court that it would be a "conflict" to go forward with the suppression hearing because the defendant refused to speak with assigned counsel. The court, with the defendant in the courtroom, denied the defendant's application for new assigned counsel without speaking to the defendant. After the suppression hearing, assigned counsel renewed the defendant's application for new assigned counsel on a subsequent court date, and the court, just prior to jury selection, while the defendant was present, again denied the application without speaking to the defendant, and despite the fact that assigned counsel reiterated that the defendant would not talk with assigned counsel.
On this record, we conclude that the defendant's right to counsel was not adequately protected. The defendant's request for new counsel, made through assigned counsel, contained serious factual allegations concerning the defendant's complaints about his assigned counsel and the breakdown of communications between assigned counsel and the defendant (see People v Porto, 16 NY3d at 100). Under the circumstances presented here, the Supreme Court failed to meet its ongoing duty to make inquiries to determine whether there was good cause for the requested substitution by denying the request without speaking directly with the defendant (see People v Linares, 2 NY3d 507, 510; People v McClam, 60 AD3d 968). Thus, reversal is warranted. Further, on the record presented, the matter should be restored to pre-suppression-hearing status. Accordingly, we vacate the court's suppression determination and remit the matter to the Supreme Court, Kings County, for further proceedings on the indictment.
In light of our determination, the defendant's remaining contentions need not be reached.
IANNACCI, J.P., MALTESE, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court