People v Coleman (2023 NY Slip Op 03437)

People v Coleman

2023 NY Slip Op 03437

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 3007/16 Appeal No. 557 Case No. 2018-1946 

[*1]The People of the State of New York, Respondent,
v
David Coleman, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered September 17, 2017, convicting defendant, upon his plea of guilty, of persistent sexual abuse, and sentencing him, as a second felony offender, to a term of two years, unanimously affirmed.
The court providently exercised its discretion when it denied defendant's request for assignment of a new attorney (see People v Porto, 16 NY3d 93, 99 [2010]). Defendant only asserted generalized complaints and disagreements over strategy that did not constitute a conflict or provide good cause for a substitution of counsel (see e.g. People v Hopkins, 67 AD3d 471, 472 [1st Dept 2009], lv denied 14 NY3d 771 [2010]). Because there was no error in the court's ruling, we find no merit in defendant's claims, made in his plea withdrawal motion and on appeal, that his waiver of counsel and guilty plea were coerced by that ruling.
Defendant's waiver of his right to counsel was knowing, intelligent, and voluntary (see People v Crampe, 17 NY3d 469, 481-82 [2011]). Defendant unequivocally informed the court that he wished to waive his right to counsel and proceed pro se (see People v Silburn, 31 NY3d 144, 150-51 [2018]), notwithstanding his alternative request for new counsel. The court conducted an extensive and thorough inquiry, which included a discussion of defendant's background, the charges against him, his sentencing exposure, and the potential disadvantages of proceeding pro se.
The record, including a thorough plea colloquy, establishes that defendant's plea was knowing, intelligent, and voluntary (see People v Harris, 61 NY2d 9, 19 [1983]). Although defendant had already waived his right to counsel, the court permitted him to confer with standby counsel to ensure that he understood the plea. Defendant confirmed that he understood his rights and nevertheless wished to waive them and plead guilty, and he stated under oath that neither counsel nor anyone else forced or coerced him to take the plea. The court's discussion of the scope of sentencing in the event of a conviction after trial was not coercive (see e.g. People v Pagan, 297 AD2d 582 [1st Dept 2002], lv denied 99 NY2d 562 [2002]).
The court providently exercised its discretion in denying defendant's motion to withdraw his plea, without granting a hearing (see People v Mitchell, 21 NY3d 964, 967 [2013]; People v Fiumefreddo, 82 NY2d 536, 543-544 [1993]). Defendant submitted a written motion with allegations that the court and counsel had failed to properly advise him, and that he pleaded guilty under duress. These claims were squarely contradicted by the plea minutes, and, as noted, any claims arising out of the court's correct denial of defendant's pre-plea request for new counsel were unavailing. There was also no need to appoint new counsel for the plea withdrawal motion. There was no violation of defendant's right to conflict-free counsel because the record establishes that the court denied the motion based on the transcript [*2]and its own recollection before any allegedly adverse remarks were made by counsel (see e.g. People v Rivera, 34 AD3d 240, 241 [1st Dept 2006], lv denied, 8 NY3d 926 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023