People v McCloud (2023 NY Slip Op 06259)

People v McCloud

2023 NY Slip Op 06259

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-03035
 (Ind. No. 2098/19)

[*1]The People of the State of New York, respondent,
v
Phillip McCloud, appellant.

Thomas R. Villecco, Jericho, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard Sturim, J.), rendered March 4, 2022, convicting him of assault in the second degree (four counts), resisting arrest, and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in denying the defendant's application for substitution of counsel. "'The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at [the] defendant's option'" (People v Graham, 188 AD3d 909, 909, quoting People v Washington, 25 NY3d 1091, 1095; see People v Sides, 75 NY2d 822, 824). Whether substitution of counsel is permitted is "within the discretion and responsibility of the trial judge," and a "complaining defendant must make specific factual allegations of serious complaints about counsel" (People v Fulgenico, 168 AD3d 1094, 1095 [internal quotation marks omitted]; see People v Porto, 16 NY3d 93, 99-100; People v Sides, 75 NY2d at 824-825; People v Medina, 44 NY2d 199, 207). "Where a seemingly serious request is made, the trial court is obligated to conduct at least a minimal inquiry to determine the nature of the conflict and a possible resolution" (People v Parker, 194 AD3d 847, 848 [internal quotation marks omitted]; see People v Graham, 188 AD3d at 910; People v Ward, 121 AD3d 1026, 1027).
"'[B]efore substitution of counsel is granted, good cause, such as a conflict of interest or irreconcilable differences, must be demonstrated'" (People v Ayuso, 80 AD3d 708, 709, quoting People v Martin, 41 AD3d 616, 616). "In determining whether good cause has been shown, relevant factors include 'the timing of the defendant's request, its effect on the progress of the case, and whether . . . counsel will likely provide the defendant with meaningful assistance'" (People v Ayuso, 80 AD3d at 709, quoting People v Linares, 2 NY3d 507, 510).
Here, "'even assuming, arguendo, that [the] defendant's complaints about defense counsel suggested a serious possibility of good cause for a substitution of counsel requiring a need for further inquiry . . . the [Supreme Court] afforded [the] defendant the opportunity to express his [*2]objections concerning defense counsel'" and subsequently, reasonably concluded that his objections were without merit (People v Milonovich, 215 AD3d 764, 765-766, quoting People v Bethany, 144 AD3d 1666, 1669 [alterations omitted]).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court