People v Gray (2024 NY Slip Op 00054)

People v Gray

2024 NY Slip Op 00054

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Ind. No. 2948/19 Appeal No. 1363 Case No. 2022-02340 

[*1]The People of the State of New York, Respondent,
v
Marsaay Gray, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Robert Hunter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered May 13, 2022, convicting defendant, after a jury trial, of attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of seven years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's request for assignment of new counsel. Defendant was afforded a reasonable opportunity to voice his concerns about his attorney, and his vague and generalized complaints did not raise any conflict that provided good cause for substitution or warrant further inquiry (see People v Porto, 16 NY3d 93, 100-101 [2010]; People v Hopkins, 67 AD3d 471, 471 [1st Dept 2009], lv denied 14 NY3d 771 [2010]). The fact that defendant made his request on the eve of trial, upon learning that the case would proceed to trial the following day, strongly suggested that the request was a delay tactic (see People v Zuniga, 149 AD3d 660, 660 [1st Dept 2017], lv denied 29 NY3d 1136 [2017]). Even if defendant had filed a grievance against his attorney, which was not established by the record, "any conflict was of defendant's own making, and he was not entitled to circumvent the good cause requirement by creating an artificial conflict" (People v Walton, 14 AD3d 419, 420 [1st Dept 2005], lv denied 5 NY3d 796 [2005]; see also People v Ferrer, 166 AD3d 406, 407 [1st Dept 2018], lv denied 32 NY3d 1171 [2019]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of any inconsistencies in the testimony. The evidence supports the conclusion that defendant was the individual who shot at the complainant with a gun, and it could reasonably be inferred from the building's video surveillance footage and the DNA evidence that the firearm recovered by the police in the backyard was the gun that defendant used in the shooting.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024