People v Ellis (2024 NY Slip Op 01558)

People v Ellis

2024 NY Slip Op 01558

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-02809
 (Ind. No. 2224/10)

[*1]The People of the State of New York, respondent,
v
Robert Ellis, appellant.

Patricia Pazner, New York, NY (William Kastin of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Michael Aloise, J.), dated March 15, 2022, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Gregory Lasak, J.) rendered July 18, 2012, convicting him of attempted murder in the second degree, assault in the first degree (two counts), robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
By judgment rendered July 18, 2012, defendant was convicted, upon a jury verdict, of attempted murder in the second degree, two counts of assault in the first degree, two counts of robbery in the first degree, two counts of criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree, and the conviction was affirmed by this Court (see People v Ellis, 166 AD3d 993, affd 34 NY3d 1092). This Court concluded that the defendant's contention that he was denied his right to counsel of his choice should be determined by motion pursuant to CPL 440.10. The defendant thereafter moved to vacate the judgment of conviction pursuant to CPL 440.10, and his motion was denied. The defendant appeals, by permission.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his motion which was to vacate the judgment of conviction pursuant to CPL 440.10 on the ground that he was denied his right to counsel of his choice. Criminal defendants who retain their own attorneys have the right to select who will represent them (see People v O'Daniel, 24 NY3d 134, 138). However, while the constitutional right to assistance of counsel grants an indigent defendant a right to a court-appointed attorney, that defendant does not have a choice of assigned counsel (see id.; People v Fulgencio, 168 AD3d 1094). "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Washington, 25 NY3d 1091, 1095 [internal quotation marks omitted]; see People v English, 201 AD3d 733, 734).
The distinction between the right to assistance of counsel and the right to counsel of choice, however, is "significantly narrowed once an attorney-client relationship is established" (People v Childs, 247 AD2d 319, 325; see People v Knowles, 88 NY2d 763, 766-767; People v Griffin, 92 AD3d 1, affd 20 NY3d 626). "Once an attorney-client relationship has formed between assigned counsel and an indigent defendant, the defendant enjoys a right to continue to be represented by that attorney as 'counsel of his own choosing'" (People v Espinal, 10 AD3d 326, 329, quoting People v Arroyave, 49 NY2d 264, 270). Discharging assigned counsel who is representing the defendant can constitute reversible error (see People v Griffin, 20 NY3d at 631-632; People v Burton, 28 AD3d 203). While the right to be represented by counsel of choice "is qualified in the sense that a defendant may not employ [it] as a means to delay judicial proceedings" (People v Arroyave, 49 NY2d at 271), a court may not interfere with that right "arbitrarily" (People v Knowles, 88 NY2d at 766). Accordingly, a court may not interfere with an "established attorney-client relationship" without making "threshold findings that [the attorney's] participation would have delayed or disrupted the proceedings, created any conflict of interest, or resulted in prejudice to the prosecution or the defense" (id. at 766-767). Such findings must demonstrate that interference with the attorney-client relationship is "justified by overriding concerns of fairness or efficiency" (id. at 769).
In July 2007, the defendant was assigned counsel (hereinafter the 18-B attorney) to represent him in a case pending in Kings County (hereinafter the Kings County case). In August 2008, the 18-B attorney represented the defendant during lineups in this case arising out of a shooting in Queens County. By judgment rendered January 14, 2009, the defendant was convicted, upon a jury verdict, in the Kings County case (see People v Ellis, 117 AD3d 843).
In October 2010, an indictment in this case was filed in Queens County. The 18-B attorney communicated with the prosecutor in the Kings County case and the Administrator of the Assigned Counsel Plan for the Second Department, noting that she was assigned to represent the defendant in the Kings County case, and in 2008, during lineups in this case, and wished to be assigned to represent the defendant with respect to the Queens County indictment. The Administrator replied in an email that "It's totally fine with me that you pick up the Ellis case in Queens - it's just that the final decision always rests with the judge. If the judge has an issue with an out of county appointment, he or she can give me a call. Otherwise, the case is yours as far as I am concerned."
However, the 18-B attorney did not file a notice of appearance in this case with the Supreme Court, Queens County. At the defendant's arraignment on the indictment, although his then-assigned counsel asked to have the 18-B attorney assigned to represent the defendant, that request was denied. In 2011, the defendant asked for, and was assigned, new counsel, but there is no indication that, at that juncture, he requested the 18-B attorney. In 2012, the defendant moved to have his new counsel relieved and to have the 18-B attorney assigned to represent him. The defendant's motion was denied, on the ground that it was the eve of trial, and the counsel representing him had done extensive work on the case. The defendant then proceeded to trial and was convicted.
Under the circumstances here, by the time the defendant was indicted in Queens County, there was no established attorney-client relationship between the defendant and the 18-B attorney. The 18-B attorney represented the defendant in 2008, during lineups in Queens County, and last represented the defendant in the Kings County case, which had concluded in 2009. Accordingly, there was no interference with an established attorney-client relationship with respect to this case.
The defendant's remaining contentions raised in his pro se supplemental brief relating to those branches of his motion which were to vacate the judgment of conviction based upon claims of actual innocence and ineffective assistance of counsel are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court