People v Gordon (2024 NY Slip Op 04150)

People v Gordon

2024 NY Slip Op 04150

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-03416
 (Ind. No. 52/18)

[*1]The People of the State of New York, respondent,
v
Michael Gordon, appellant.

Patricia Pazner, New York, NY (Marissa Reap and Joshua M. Levine of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (James J. Gandia and Thomas B. Litsky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered June 24, 2019, convicting him of attempted kidnapping in the second degree, unlawful imprisonment in the second degree, and endangering the welfare of a child (five counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of attempted kidnapping in the second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that count beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the counts of attempted kidnapping in the second degree and unlawful imprisonment in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his application for substitution of counsel. "'The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at [the] defendant's option'" (People v Graham, 188 AD3d 909, 909, quoting People v Washington, 25 NY3d 1091, 1095; see People v McCloud, 222 AD3d 662, 662). "Whether substitution of counsel is permitted is 'within the discretion and responsibility of the trial judge,' and a 'complaining defendant must make specific factual allegations of serious complaints about counsel'" (People v McCloud, 222 AD3d at 662, quoting People v Fulgencio, 168 AD3d 1094, 1095 [internal quotation marks omitted]; see People v Porto, 16 NY3d 93, 99-100). "'Where a seemingly serious request is made, the trial court is obligated to conduct at least a minimal inquiry to determine [*2]the nature of the conflict and a possible resolution'" (People v Parker, 194 AD3d 847, 848, quoting People v Graham, 188 AD3d at 910; see People v McCloud, 222 AD3d at 662). Here, "'even assuming, arguendo, that [the] defendant's complaints about defense counsel suggested a serious possibility of good cause for a substitution of counsel requiring a need for further inquiry . . . the [Supreme Court] afforded [the] defendant the opportunity to express his objections concerning defense counsel'" and subsequently, reasonably concluded that his objections were without merit (People v McCloud, 222 AD3d at 663, quoting People v Milonovich, 215 AD3d 764, 765-766; see People v Bethany, 144 AD3d 1666, 1669).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court