People v Orama (2024 NY Slip Op 05458)

People v Orama

2024 NY Slip Op 05458

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2019-02718
 (Ind. No. 430/11)

[*1]The People of the State of New York, respondent,
v
David Orama, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and James Joseph Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered February 14, 2019, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal, which failed to specify any particular error (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was improperly adjudicated a persistent violent felony offender is unpreserved for appellate review because he did not object to his adjudication at the sentencing proceeding (see CPL 470.05[2]; People v Drummond, 143 AD3d 836, 838). In any event, the Supreme Court properly adjudicated the defendant a persistent violent felony offender (see Penal Law § 70.08). The defendant's prior convictions of robbery in the second degree pursuant to Penal Law § 160.10 and attempted murder in the first degree pursuant to Penal Law §§ 125.27 and 110.00 were properly considered predicate violent felony convictions (see id. § 70.04[1][b][i]).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; [*2]see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
Furthermore, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant's motion to substitute counsel. "'The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at [the] defendant's option'" (People v Graham, 188 AD3d 909, 909, quoting People v Washington, 25 NY3d 1091, 1095; see People v Sides, 75 NY2d 822, 824). Whether substitution of counsel is permitted is "within the discretion and responsibility of the trial judge," and a "complaining defendant must make specific factual allegations of serious complaints about counsel" (People v Fulgencio, 168 AD3d 1094, 1095 [internal quotation marks omitted]; see People v Porto, 16 NY3d 93, 99-100; People v Sides, 75 NY2d at 824-825; People v Medina, 44 NY2d 199, 207). "Where a seemingly serious request is made, the trial court is obligated to conduct at least a minimal inquiry to determine the nature of the conflict and a possible resolution" (People v Parker, 194 AD3d 847, 848 [internal quotation marks omitted]; see People v McCloud, 222 AD3d 662, 662).
"[B]efore substitution of counsel is granted, good cause, such as a conflict of interest or irreconcilable differences, must be demonstrated" (People v McCloud, 222 AD3d at 662 [internal quotation marks omitted]). "In determining whether good cause has been shown, relevant factors include the timing of the defendant's request, its effect on the progress of the case, and whether . . . counsel will likely provide the defendant with meaningful assistance" (id. [alterations and internal quotation marks omitted]; see People v Linares, 2 NY3d 507, 510). Here, at a pretrial conference held on January 22, 2019, the Supreme Court made the requisite "minimal inquiry" into the alleged conflict between the defendant and defense counsel (People v McCloud, 222 AD3d at 663; see People v Harris, 166 AD3d 801, 802) and appropriately determined that the alleged conflict did not warrant substitution of counsel (see People v Brown, 154 AD3d 1004, 1006).
Although the defendant again requested substitute counsel after the proceeding had been transferred to the trial part, the Supreme Court was not obligated to make an additional minimal inquiry into the defendant's request, as it was based on a conclusory statement regarding alleged conflict with his attorney (see People v Woods, 110 AD3d 748, 748).
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court